IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Inez Yarber, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No. 8:05-3546 |
| vs. ) | |
| ) | **OPINION & ORDER** |
| Drive Automotive Industries of America, ) | |
| Inc., and Louis Simpson, ) | |
| ) | |
| Defendants, ) | |

This matter is before the court on Inez Yarber's ("Yarber") motion to strike defendant Louis Simpson's ("Simpson") answer or, in the alternative, to order Simpson's appearance for his deposition.

Yarber alleges that Simpson has failed to appear for his scheduled deposition on November 15, 2006; March 7, 2007; and April 4, 2007. (Pl.'s Mot. Strike 1.) In response, Simpson claims that the deposition scheduled for November 15, 2006, was rescheduled for December 12, 2006, with the consent of all parties. (Drive Automotive Indus. Amer., Inc. ("Drive") Mem. Opp'n Mot. Strike 4.) However, the December 12, 2006, deposition was canceled because Simpson's availability could not be confirmed by his counsel. (Id.) In addition, Yarber's deposition scheduled for the same date was canceled due to her health condition. (Id.)

On February 7, 2007, new counsel was appointed to represent Simpson. (Simpson's Mem. Opp'n Mot. Strike 1.) On February 12, 2007, Yarber's counsel issued a second notice to depose Simpson on March 7, 2007. (Drive's Mem. Opp'n Mot. Strike 4.) Because Yarber's new counsel could not attend the deposition on this date, the parties agreed to

1

reschedule Simpson's deposition for April 4, 2007.  (Id.)  Although Simpson was informed of the date and time of the deposition on April 4, 2007, Simpson failed to appear.  (Id. at 4-5.)

The court has the authority to sanction a party for failure to comply with the discovery process pursuant to Rule 37(d) of the Federal Rules of Civil Procedure.  "When determining what sanctions to impose" under Rule 37, "the court must determine (1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective."  Belk v. Charlotte-Mecklenburg Bd. of Educ., 269 F.3d 305, 348 (4th Cir. 2001) (internal quotation marks omitted).  Under the circumstances, the court finds no evidence that Simpson acted in bad faith or that Yarber was prejudiced by his failure to appear at the April 4 deposition.  Further, deterrence can be accomplished by the less drastic sanction of ordering Simpson to appear for a deposition.  Simpson and Drive consent to an order that Simpson appear for a deposition.  (Simpson's Mem. Opp'n Mot. Strike 2; Drive's Mem. Opp'n Mot. Strike 6.)  Based on the foregoing, the court orders Simpson to appear for his deposition at a time and place designated by Yarber.

Therefore, it is

**ORDERED** that Yarber's motion to strike Simpson's answer, or in the alternative to order Simpson's appearance for deposition, is denied in part and granted in part. It is further

**ORDERED** that Simpson is to appear for his deposition at a time and place designated by Yarber.

**IT IS SO ORDERED.**

                                                 s/Henry M. Herlong, Jr.
                                                 United States District Judge

Greenville, South Carolina
April 30, 2007